## MASON MORGAN v. JOHN CHAPPLE.

1. PRACTICE; CASE — *What it should be.* Where only a single question is sought to be presented to the supreme court for review, by a case made, the statements in the case or the certificate of the judge must show what that question is.

2. ———— *Effect of Judge's Certificate.* A certificate that "the foregoing is the case made for review in the supreme court," unaccompanied by any limitations in the case itself, brings the whole record before this court, and any possible questions that may arise thereon.

3. ———— *Testimony; Verdict.* Where in such case it appears that all the evidence is preserved, the sufficiency of such evidence to sustain the verdict is fairly presented.

4. INSTRUCTIONS; *Practice.* Where such a case does not purport to contain all the instructions given, asked, or refused, the refusal of an instruction presents no question for review, because it may have been already once given, and for that reason properly refused.

5. ———— So where the error alleged is the giving of an instruction, it must appear that such instruction is so full and complete and so manifestly wrong that the whole law applicable to the case could not have been correctly presented to the jury, without a contradiction of that given, before a reversal will be ordered.

6. MECHANIC's LIEN; *Foreclosure; Sale of Premises.* In a foreclosure of a mechanic's lien where the amount found due is $100, a decree directing that unless the judgment is paid within ten days an order of sale may issue, grants a reasonable time.

*Error from Johnson District Court.*

THE action below was brought by *Chapple* against Jacob Madders and *Mason Morgan,* to recover for work and labor in constructing a cellar under a contract with Madders, and to foreclose a mechanic's lien for the amount claimed. No substantial defense was offered on the part of Madders. *Morgan* resisted the foreclosure of the lien, claiming that he was the owner of the land at the time of the making of the contract between Chapple and Madders, and the performing the work by Chapple. *Chapple* replied, alleging that *Morgan* had represented that the land belonging to Madders, etc., setting forth the facts constituting an estoppel. The action was tried at the November Term 1871. The district court found for plaintiff *Chapple* against both defendants, rendering a personal judgment against Madders for $100 and costs, and a decree of foreclosure as follows:

"And the court finding from the said petition, exhibits, and proofs herein that the plaintiff has a first and paramount lien under the mechanic's lien law for the payment of said sum so found due to the plaintiff, and costs of suit herein, upon the following described lands and tenements, to-wit, [describing the land,] in said Johnson county, on account of work and labor performed and material furnished by the plaintiff in the erection of improvements upon said lands under contract of the plaintiff with the defendant Madders therefor, and that the plaintiff is entitled to have said lien enforced upon said lands and tenements as the property of the said defendant Madders, and that the said defendant *Mason Morgan* is estopped from setting up or asserting any right, title, or claim in, to or upon said lands and tenements as against the plaintiff's said lien thereon: It is therefore now by the court here further considered, ordered, adjudged and decreed, that, unless the defendants, or one of them, within ten days from this date pay or cause to be paid to the plaintiff the said sum of $100 with interest thereon from this date until paid, and all costs of suit herein, the said lands and tenements be sold without redemption therefrom by the sheriff of Johnson county; and that a special execution issue to the said sheriff for the sale thereof: and that

15—10 KAS.

the proceeds arising from such sale be applied first to the payment of the costs of this action, and next to the payment to the plaintiff of the said sum of $100 and interest, and that the residue, if any, arising from such sale be held by the said sheriff subject to the further order of this court. And it is further considered, adjudged and decreed that the defendants, and each of them, and all and every person or persons claiming by, through, from, or under them, or either of them, be and they are hereby forever barred and foreclosed of and from all and every right or, equity of redemption, or other right whatever, in, to, or upon said lands and tenements, and every part thereof from and after such sale thereof."

Defendant *Morgan* excepted to this decree, and obtained leave to "make a case for review in the supreme court." The case so made is voluminous, and upon its presentation here several questions of practice are raised. These questions, and such portions of the testimony and instructions as are material, are stated in the opinion.

*Devenney & Green,* for plaintiff in error:

1. The court erred in refusing to instruct the jury that, "If when the lien attaches the person causing the mechanical labor to be performed, has no title to the premises on which the labor is bestowed, but a mere right resting in contract to a conveyance on the performance of a condition precedent, and that right is afterwards lost by his failure to perform the condition, the lien cannot be maintained against the land." Laws of 1870, ch. 87, § 21; 1 Kas., 293; Houck on Liens, §§ 77, 78, 137.

The lien of a mechanic or material-man attaches only upon the *interest* of the person for whom it is erected or performed; and does not encumber any pre-existing right of any other person. Houck, § 141; Laws 1870, ch. 87, § 22.

The court also erred in refusing to charge that "A mechanic's lien can only be by virtue of a contract with the *owner* of the land upon which the labor was bestowed, or, by contract with the agent, trustee, contractor, or sub-contractor of the owner of the land." Laws of 1870, ch. 87, § 21; 3 Kas., 399, 502; 35 Mo., 107; 18 Wis., 418. The lien survives or perishes

with the estate of the employer. Houck, § 78; 13 Cal., 54; 4 Ohio St., 101. Chapple's right to assert a lien against Morgan's land, is based upon Madders' rights to the land. He cannot be placed in any better position than Madders was. His interest is based on Madders', and cannot go beyond it.

2. The court erred in refusing to instruct the jury that "the whole matter of estoppel set up by Chapple is immaterial," and should be disregarded. Morgan's agreement to sell the land to Madders was oral, and was conditioned upon Madders paying $1,800 for it on the 1st of October 1870. This agreement was made in July. The contract between Madders and Chapple was made on the 31st of August. Madders was to go to Ohio and get his money, and return and pay Morgan for the land, and Chapple for the cellar. He went, and never returned, and never paid Morgan anything on the land, and never paid Chapple anything for the cellar. Morgan repossessed himself of the *land* in November 1870, upon default. Now under such a state of facts — both Morgan and Chapple acting in the utmost *good faith* — the question is presented, who shall be the loser? Morgan superintended the work at the request of Madders. Chapple knew that Morgan was acting in the capacity of agent for Madders. Now we contend that Morgan's acts and statements were consistent with his relation as a vendor, and there is *no estoppel.* 2 Doug., 54; 29 Geo., 408; 28 Ill., 386; 6 Cushing, 4. Where an honest intent can be as clearly inferred from the acts and statements of a person, as a fraudulent one, the court or jury is not at liberty to infer the latter. 6 Mich., 329; 26 Mo., 533; 11 N. Y., 302; 10 Cal., 590; 9 Allen, 455; 39 Barb., 311; 5 Wis., 551.

Nor is Morgan estopped by reason of anything said by him as alleged and proven. Is he estopped from asserting his title by reason of his having stood by, seeing the improvements being made, and permitting Chapple to improve the land? (3 Rob., N. Y., 215.) He had no right to speak, to interfere, or prevent the progress of the work, prior to the time his

money became due. Chapple was a contractor of Madders, not Morgan's: 17 Cal., 401; 26 N. Y., 338; 25 Conn., 250; 30 Penn. St., 331; 1 Kas., 293. A person cannot be barred by an estoppel of his title to real estate except by deed or record: 42 N. Y., 455; 29 Mo., 171; 18 Iowa, 100. A party is not estopped if the truth appear by that which would otherwise work an estoppel. Chapple was not without means of knowledge, and exercised no diligence, and therefore he cannot avail himself of the supposed estoppel. 19 Pick., 341; 38 Ill., 455; 20 Conn., 104; 18 Cal., 144; 56 Penn. St., 69; 49 Me., 153; 9 Minn., 89; 10 Iowa, 424.

3. The court erred in giving for the plaintiff below the 1st, 2d, 7th and 8th instructions. . Chapple offered as evidence in the case the mechanic's lien, proof of filing thereof, etc., against the land of Morgan. It was objected to by Morgan as being incompetent and irrelevant, as to him. It was void for uncertainty in the description of the land, and also in the description of the particular improvement.· 4 Scam., 527; 26 Ind., 214; 32 Mo., 262; 3 E. D. Smith, 357.

The labor was performed and material furnished for the cellar, and the "statement" filed, etc., and the suit for the enforcement thereof was begun under the mechanic's lien law of 1868, code, §§ 630 to 638, and the amendatory act of 1870. And those laws having been repealed by the act of 1871 without any saving clause, all right to a lien for such labor and material was, therefore, taken away: 4 Kas., 489, 502; 17 Wis., 631; 12 Iowa, 304; 8 Minn., 34. All proceedings commenced under and by virtue of the statute are put an end to by the repeal, unless saved by the repealing statute by special exception. Dwarris, 153; 11 Pick., 350.

4. The decree is erroneous because it directs a sale of the premises in 10 days—there being no redemption specially provided. It is not a *reasonable* time. It should not be less than the lifetime of an execution, or order of sale—60 days. 24 Ill., 553; 35 Ill., 173.

5. The petition of Chapple does not state facts sufficient to

constitute a cause of action against Morgan; and the verdict and judgment are not sustained by sufficient evidence.

*Jacob Safford*, for defendant in error:

1. The question here is one of *estoppel*, and to this point we desire to invite the special attention of the court.   It is shown by evidence submitted on the trial below, (which is all in the record,) that Morgan repeatedly stated to Chapple and to other parties, that *he* had sold the land upon which the house was erected, and that *Madders* was the person to whom he had so sold, and that Madders was the *owner*, etc.   This he did at the time of the making of the contract, and afterward, and never a word to the contrary until Chapple's work had all been done and turned over to the possession of Madders and his agents. The sale was a matter of common rumor and understanding. Morgan was also acting for Madders in and about overseeing the work, so that he had no possible excuse for ignorance of what was going on.   He stood by and saw Chapple expending money and labor on the house and land in question without a word as to want of title in Madders, well knowing that such expenditure was being made on the faith of his own statements, and the belief of the parties that Madders alone was interested in the premises. 3 Hill, 215; 8 Wend., 480; 14 Ill., 269; 18 Wis., 659; 28 Iowa, 415; Houck on Liens., § 217.   But this court will not seek to *weigh* the evidence in the case, and necessary to sustain the verdict.   That duty has been performed by the jury, who heard testimony, on each point made, and their findings will be regarded as conclusive upon such testimony.

It is said, that Morgan did not intend to deceive; that his conduct was not inconsistent with the position of a vendor, and that, therefore he is not estopped.   We respectfully insist that the conclusion does not follow from the premises, even if such premises were true; and we further suggest that he acted just as he, or any one else in like circumstances, would have been likely to act if an intention to deceive and defraud Chapple had been his settled purpose from the first.   But

beyond all this, he *did* deceive Chapple, as the case abundantly shows. He made Chapple believe that *he* had sold the land to Madders, and that Madders was the *owner*, when in fact no title had passed. We submit that Morgan's assertion of the latter fact came too late to avail him in this case.

2. The record does not purport to contain all the instructions given, nor all asked and refused. No error therefore appears affirmatively, and this court will presume none.

3. The mechanic's lien filed in this case is not before this court, and for all that appears in the record it was regular and sufficient, and clearly admissible as testimony. If so, it was proper evidence against both Morgan and Madders, as well as all other claimants.

4. It is said that the work was performed and the lien filed under the provisions of the lien law of 1868 and the amendments thereto made by act of 1870, and that inasmuch as those laws were repealed by the act of 1871, which contained no saving clause, the lien is lost. The lien was taken and perfected before the act of 1871 became a law; hence the plaintiff below was entitled to its benefits *as to a vested right,* which could not be taken away without his consent, and he might enforce it as well after as before the repeal of the law under which it accrued.

5. The decree was correct in every essential particular. As to the matter of *time* after which the land was to be sold if payment was neglected, it was according to custom; and if not, it is no reason for a reversal.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought his action in the district court to foreclose a mechanic's lien, and recovered a judgment against Jacob Madders for $100, and a decree of foreclosure against both Madders and Morgan. A motion for a new trial was made and overruled, a case made, and that case is now presented for our examination. The case shows that it contains all the evidence, but does not show that all the instructions asked, given, or refused, are pre-

served. The certificate of the district judge at the close is simply, that "the foregoing is the case made for review in the supreme court." It becomes therefore important to determine what questions are properly before us, and how far we may examine the various propositions so elaborately discussed by counsel in their briefs. We may perhaps do this more satisfactorily by considering the errors complained of, following not the order of the briefs, but the order in which the questions naturally arose on the trial. The first objection made is that the petition does not state facts sufficient to constitute a cause of action. This point is not pressed by counsel for plaintiff in error, but simply stated in the brief. It was called to the attention of the district court, was made one of the grounds in the motion for a new trial, and is properly before us. It seems to us however to admit of little doubt that the petition upon which the case was tried is sufficient. It alleges a written contract as follows:

"AUGUST 31, 1870. Article of agreement made and entered into this day between John Chapple and Jacob Madders: John Chapple does agree to dig and wall a cellar of the following dimensions: to be 26 ft. long, and 16 ft. wide, and 7 ft. high; to be a foot-and-a-half thick, and to be built of quarried stone, and be done in a good workman-like manner; the wall to be a foot-and-a-half above ground at the highest place; and he agrees to do the work without delay. And the said Jacob Madders of the second part doth agree to pay to the said John Chapple the sum of $125 when the job is completed. Witness our hands and seals. JOHN CHAPPLE.
"JACOB MADDERS."

The petition also alleges that Chapple performed the stipulated work; that he has not received his pay; that Madders was at the time the owner of the land on which the work was done, describing it; that within due time, giving the date, Chapple filed his lien in the office of the clerk of the district court, and that Morgan claimed some interest in the land. This is the substance of the petition; and we think it clearly presents a cause of action. No specific objection is pointed out to it, and we fail to perceive any. The motion

speaks of the petition, and the case was tried on an amended petition. But we suppose the objection may fairly be considered as made to the petition on which the case was tried. The next point to be considered is an objection to the admission of testimony. The mechanic's lien was offered and admitted over the objection that it was incompetent and irrelevant as to the defendant Morgan. Upon this it is claimed that the lien was void for uncertainty in the description of the land, as well as the particular improvement. We cannot say whether this be true or not, for the instrument is not set out in the record. It is spoken of as "referred to in the petition as Exhibit A." It is said to have been received and read in evidence. But the record commences with the amended petition, and neither the original petition nor its exhibits are incorporated. More than that, the defendant Morgan himself testified that the description of the land in plaintiff's petition was correct. The land is described in the amended petition, and it is therein alleged that the description in the lien is the same. True, if defendant in his testimony was referring to the original, and not the amended petition, this testimony amounts to nothing; but it seems more probable that both he and the counsel understood him as referring to the petition upon which the case was then being tried. Again, it is objected that the lien law of 1868, and its amendments in 1870, under which the work was done, and statement filed, were repealed before trial and judgment, without any saving-clause, and therefore all right to a lien taken away. We have had occasion to consider the effect of a repeal on proceedings commenced in *Gilleland v. Schuyler*, 9 Kas., 569, and *The State v. Boyle*, ante, p. 113. It is unnecessary therefore to more than state that, under the first clause of § 1 of ch. 104, Gen. Stat., unless inconsistent with the manifest intent of the legislature, or repugnant to the context, a repeal of a statute does not affect any right accrued, or any proceeding commenced, under or by virtue of the statute repealed.

A third point is, that the verdict is against the evidence.

Upon this point which is fairly before us, it is sufficient to say that there was testimony tending to support both sides of the questions in issue.   The jury have passed upon this conflicting testimony, and the court before whom the case was tried has sustained the verdict.   The evidence does not so strongly preponderate to the one side or the other, that we should feel at liberty to disturb the verdict.   The rule on this point is well settled.

The fourth and main. error, or class of errors complained of, is, the giving of certain instructions, asked by plaintiff, and refusing of some asked by defendants.   Upon this the briefs of counsel are full.   If we desired to examine any of the abstract questions of law involved in the instructions given and refused, we should find in those briefs abundant authorities and arguments.   But suppose after such examination it should appear that some instruction given was incorrect, or one refused was right: would that be decisive of the case, and compel a reversal?   For if not, not only would it be a useless labor to make the examination, but an opinion announced would be *obiter dictum.*   We do not know from the record that all. the instructions are there, which were given.   There appear none given by the judge of his own motion.   All that appear were asked by counsel.   We have no right to assume that the case contains all, and upon that assumption affirm that the district court erred.   The court having once stated the law correctly is not bound to repeat its instructions, has been frequently decided, and is a proposition which seems pretty thoroughly established by the decisions of this court.   We find an instruction refused.   It is a correct statement of the law.   May not the court have refused to give it because it had already given one embodying the same proposition?   True, there is nothing. to show that it had given such an instruction; but it is equally true there is nothing to show it had not.   Nor does the fact that this is a case made, instead of a bill of exceptions, alter the rule.   One object, we know, of a case made, an object not always appreciated by counsel, is to reduce the size of the record.   It was

thought that all matters immaterial to the question sought to have decided, might be left out, and only a short, concise statement of the question, and the facts upon which it arose, presented. But exactness is required. In some way we must be informed of what is proposed for our examination. If but a single question, the record must show what that is, and that all necessary for a full understanding of it, and its bearings upon the case, is before us, otherwise great wrong might result. A case might be prepared to present one point. Here, another might be discussed, one which in fact was obviated by other testimony, or other instructions not in the case, yet which seems naturally and fairly to arise upon the evidence and instructions preserved. Take the case before us. It seems very natural and probable that the instructions refused, were refused because deemed incorrect. Yet courts frequently refuse instructions asked because already given. We know they have a right so to do. The decisions of this court advise them of that right. We must assume that that right was not exercised by the learned judge, before we can decide that he erred in so refusing. This we are not at liberty to do. The rule is rigid. It should be held so. Error must be shown. To show error, nothing can be assumed. We may therefore dismiss from consideration the errors alleged in the refusal of instructions, and in so doing we do not wish to be understood as intimating that there are errors in such refusal. We simply decline an examination of questions not properly before us. This disposes of nearly all the errors complained of.

Some instructions were given at the instance of plaintiff below which are claimed to be incorrect. The same remarks are not applicable to the giving of instructions as to the refusing. If the law embodied in any charge be incorrect it has gone to the jury, and of course has had its weight. So that even though the case do not purport to contain all the instructions, the giving of one may be such gross error, and have wrought such manifest prejudice, as to compel a reversal. We must therefore examine the instructions given. Yet there is

this limitation to be noticed. An entire charge must be taken together. One instruction may be qualified by another. One may state only part of the law, another part, and so on. Thus, while each is incomplete by itself, all together may be full, correct, and beyond exception. The issue between plaintiff and Morgan was as to the effect of an alleged estoppel. It appears that up to the middle of 1870 Morgan was the owner of the land upon which the work was done. Then, according to his own testimony, he made a sale to Madders. No writings were drawn, no bond or conveyance executed, and no money paid. Madders was to pay on the 1st of October 1870. He never has paid anything. After this parol contract Madders assumed to own the land, and contracted for the building of a house on it. Plaintiff's work was done on this house. Madders and wife were living at Morgan's at the time. The contract was drawn up by Morgan. Plaintiff claimed that Morgan represented to him that he had sold the land to Madders, and that it was now his; that in Madders' absence he superintended the work, and gave directions as to the manner of performance. Madders left in September, while the work was progressing, and has not returned. Upon the statements, representation, and conduct of Morgan, plaintiff insisted that he was estopped from now claiming that the land was not Madders'. Plaintiff could recover as against Morgan only by supporting this estoppel. Upon this question, at the instance of plaintiff, the court gave three instructions, the 1st, 2d, and 8th. Perhaps of these the 2d may be considered the most objectionable. It reads:

"If the jury find from the evidence that defendant Morgan at the time of making said contract stood by and suffered the same to be entered into by plaintiff under the supposition that defendant Madders owned the land, and did not disclose his (said Morgan's) rights in the premises, and that plaintiff has expended money or labor under said contract, then you will find for plaintiff."

It would probably not be difficult to point out objections to this, if intended as a full statement of the law applicable. If Morgan was ignorant of plaintiff's knowledge as to the exact

condition of the title; if he supposed plaintiff knew, when in fact he did not; if in good faith he simply remained silent, without any thought or intention to influence the parties to the contract if the parties acted without any reference to the amount of title Madders had in the land; or if the plaintiff was uninfluenced by the conduct or silence of Morgan, it is very probable no estoppel would arise. So, that if it should appear affirmatively that no other instruction was given concerning the estoppel, it seems probable we should be compelled to reverse the judgment. But it does appear that it was qualified to some extent, and may have been qualified as much as was appropriate. Thus the 11th instruction given at the instance of defendants reads:

"An estoppel *in pais*, in order to become operative in this case, must have been made, first, with intent on the part of Morgan to influence, and second that it did influence plaintiff to perform labor and furnish material which he would not otherwise have done; and these two things must concur."

It is evident this presents a new phase of the question, and materially modifies the law as expressed in the previous instructions. It calls the attention of the jury to the good faith of Morgan in the matter, and substantially tells them that unless he acted in bad faith there was no estoppel. It also charges them that unless plaintiff was influenced by the conduct and representations of Morgan, there was no estoppel. To this extent therefore it limits and restricts the second instruction given as above at plaintiff's instance. How much further that was restricted, we can only conjecture. Indeed, for aught that appears to the contrary it may have been so far modified as to present the law altogether too favorably for the defendants, and the plaintiff be really the party aggrieved by the instructions. If under these circumstances the judgment should be reversed, it would be for errors which did not exist, and the defendants who had gotten too much in the district court would get more here. We do not ignore the fact that where two contradictory instructions are given this court cannot ordinarily determine upon which the jury

acted, and if one be manifestly wrong and inappropriate, may be compelled to reverse. But there is a great difference between a modification and a contradiction. It often happens that a statement in one portion of a charge is modified by some other; not so often, that it is contradicted. Indeed, there are so many limitations and qualifications of some legal propositions, that to embrace them all in one instruction, would be as apt to confuse as enlighten a jury. Must we insist on confusion to avoid error? It seems to us therefore that this may be laid down as a rule: that where the record does not purport to contain all the charge and instructions, unless the instruction complained of is so full and complete, and so manifestly wrong, that the whole law applicable to the case could not have been correctly presented without a contradiction of that instruction, this court cannot affirm error.

One point more remains. It is objected that sufficient time was not given between the judgment, and special execution. The decree ordered a special execution in ten days if the judgment was not previously paid. As the judgment was for only one hundred dollars, it seems to us that was ample time. The judgment of the district court will be affirmed.

All the Justices concurring.