PETER SHUMAKER, *et al.,* v. JOHN O'BRIEN.

1. BILL OF EXCEPTIONS; *Its Object, and Office.* The office of a bill of exceptions, and of a case-made, is very dissimilar. The object of the former is generally to bring upon the record for review a decision of the court upon a matter of law, which the record would not otherwise show, and it must be reduced to writing, allowed, signed, and filed at the term the decision complained of is made. After being signed, filed and made a part of the record of an action, it can be presented to the supreme court in the transcript of the case.

2. CASE-MADE; *Its Object, and Office.* The object of a case-made is to present to the supreme court, complete in itself, a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to bring to the notice of this court the errors complained of. It must embrace and include *all* that is necessary for a full understanding of the questions submitted for decision, regardless of the fact whether the exceptions are entered of record. It may be settled, signed, and filed beyond the trial term, and in vacation, upon the order and within the time allowed by the trial court or judge.

*Error from Nemaha District Court.*

ACTION by Shumaker and two others to recover back the purchase-money paid by them to *O'Brien* for a certain bull. The action was grounded upon alleged fraud and deception on the part of *O'Brien* at the time of the sale regarding the property sold. Trial at April Term 1876. A demurrer to the evidence was sustained, and judgment given against plaintiffs for costs. They now bring the case here.

*R. C. Bassett,* for plaintiffs.

*J. E. Taylor,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: At the April Term of the district court for 1876, the defendant obtained a judgment for costs against the plaintiffs, and thereupon the plaintiffs obtained leave to make a case in sixty days. Afterward, the time was extended by consent of parties to September 4th 1876. Within said

time, and with consent of the parties, a case was attempted to be made. The paper attached to the petition in error as a case-made was not attested by the clerk of the district court, nor is the seal of the court affixed thereto. Hence this paper is not authenticated as required by the statute to constitute it a case-made. (Sec. 1, ch. 114, Laws 1871; *Hodgden v. Comm'rs of Ellsworth Co.*, 10 Kas. 637; *Karr v. Hudson,* ante, p. 474.)

There is another serious defect with the so-called case-made, which, if duly authenticated, would render it impossible for us to review and pass upon the alleged errors. On the trial in the court below, after the evidence of the plaintiffs in that court had been introduced, the defendant presented his demurrer thereto, which was sustained. This ruling of the court is the only one sought to be presented here. All the evidence is preserved in the paper filed here as a case-made, but none of the pleadings are incorporated or referred to in such paper. A copy of the pleadings, certified to by the clerk of the district court, is annexed to the papers here, but being no part of the "case-made" must be disregarded. (*M. & K. Trans. Co. v. Palmer,* ante, p. 471.) The office of a bill of exceptions and the office of a case-made are very dissimilar. The object of the former is generally to bring upon the record for review a decision of the court upon a matter of law which the record would not otherwise show, in which case it must be reduced to writing, allowed, signed, and filed at the term the decision complained of is made. Nor is it correct practice to set out the pleadings in the action in the bill of exceptions; neither should the judgment, nor orders of the court be embraced in it. They tend to burden that record, and increase the expense of the transcript, without any benefit. The bill of exceptions is only a portion of the record, and when included in a transcript of the record presents proceedings here for examination and review. The purpose of a case-made is otherwise. The case may be settled, signed, and filed beyond the trial term, and in vacation,

but it must be complete in itself, and not depend upon pleadings, nor orders of the court neither referred to nor incorporated therein. It is to contain matters of record, as well as proceedings not entered on the record. To comply with the statute, to present errors for review, it must embody a statement of so much of the issue, proceedings, and evidence, or other matters in the action, as may be necessary to bring to our notice, from an examination of the paper settled and authenticated as a case-made, the errors complained of. Again, one object, we know, of a case-made, an object not always appreciated by counsel, is to reduce the size of the record. It was thought that all matters immaterial to the question sought to have decided, might be left out, and only a short, concise statement of the question, and the facts upon which it arose, presented. But exactness is required. We must be informed in some way, of what is proposed for our examination. If but a single question, the record must show what that is, and that all which is necessary for a full un-. derstanding of it, and its bearings upon the case, is before us, otherwise great wrong might result. *Morgan v. Chapple,* 10 Kas. 216. In the absence of the pleadings and issues from the case-made we cannot determine that any material error was committed by the court below in sustaining the demurrer to the evidence of the plaintiffs. (*M. & K. Trans. Co. v. Palmer,* supra.) For the failure to have the case-made duly authenticated, the proceedings here must be dismissed. (*Karr v. Hudson,* supra.)

All the Justices concurring.