ANN E. WHITNEY v. WILLIAM HARRIS.

BILL OF EXCEPTIONS; *When Judgment Will Not be Reversed.* Where the
plaintiff in error files with his petition in error nothing but a copy of
the bill of exceptions, the supreme court cannot reverse the judgment or
order of the court below, and especially so where such bill of exceptions
does not purport to contain all the record of the case, or all the pro-
ceedings had therein.

*Error from Mitchell District Court.*

ACTION by *Harris,* against *Ann E. Whitney,* and three
other defendants. Plaintiff had judgment, at December
Term, 1876, of the district court, against *Whitney,* who
brings the case here for review.

*Clark A. Smith,* for plaintiff in error.

*A. J. Banta,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: At the time that this case was instituted
in the supreme court, the following statute was in force,
to wit: "That *in all actions* hereafter instituted by petition
in error in the supreme court, the plaintiff in error shall
attach to and file with the petition in error the original
case-made, filed in the court below, *or a certified transcript of
the record of said court.*" (Laws of 1877, pages 243, 244.)
Prior to the passage of this statute, the following statute was
in force, to wit: "The plaintiff in error shall file with his
petition a *transcript of the proceedings,* containing the final
judgment or order sought to be reversed, vacated or modi-
fied, or the original case-made as hereinafter provided, or a
copy thereof." (Code, § 546 as amended, Laws of 1870, page
169.) The plaintiff in error in this case has not complied
with either of these statutes. She has not filed with her peti-
tion in error "the original case-made," "or a copy thereof,"
nor "a certified transcript of the record of said [district]

court," nor "a transcript of the proceedings, containing the final judgment or order sought to be reversed, vacated or modified;" but all that she has filed therewith is only a copy of a mere bill of exceptions, certified to by the clerk of the district court of Mitchell county, as follows: "I certify that the foregoing is a correct copy of the bill of exceptions in the above entitled cause now on file in my office." This bill of exceptions does not purport or profess to give the full "record" of the case in the court below, nor does it profess to give all the "proceedings" had in such case. Therefore, how much of the "record" or how much of the "proceedings" is not brought to this court, we cannot tell. And that portion of the "record" or "proceedings" not brought to this court may be very essential. It may be necessary to any correct understanding of the case, and might explain all the supposed errors complained of by the plaintiff in error. It is true that the bill of exceptions contains many things which ought not to be put into a bill of exceptions: for instance, it purports to contain copies of the pleadings, or, at least, copies of a portion of the pleadings; but, of course, these supposed copies are not properly authenticated. The clerk, who is the custodian of the pleadings, and who is the only person who can properly certify to the correctness of copies thereof, does not certify that these copies are true copies of the original pleadings. At most, he only certifies that they are true copies *of copies* of such of the pleadings as are copied into the bill of exceptions. It is well said, in the case of *Shumaker v. O'Brien*, 19 Kas. 476, 477, that "the object of" a bill of exceptions "is generally to bring upon the record for review a decision of the court upon a matter of law which the record would not otherwise show, in which case it must be reduced to writing, allowed, signed and filed at the term the decision complained of is made. Nor is it correct practice to set out the pleadings in the action in the bill of exceptions; neither should the judgment nor orders of the court be embraced in it. They tend to burden that record and increase the expense of the transcript without any benefit.

7—21 KAS.

The bill of exceptions is only a portion of the record," etc. In order for us to review the proceedings of the court below, as we have not received a "case-made" we should have "a certified transcript of the record"—a "transcript of the proceedings." But, instead of that, we have a transcript of only a portion of the record. If it be said that this portion of the record shows what the other portion is, it may be answered, that we cannot know that such is the case. There may be much of the proceedings that this bill of exceptions does not contain. Besides, we are entitled to copies of the *original* proceedings, to copies of the original pleadings, process, motions, orders, journal entries, and judgment; but we have not obtained them. We have only copies of supposed copies of a portion of these things. A portion of these things is erroneously copied into a bill of exceptions, and then we get only copies of these copies. But how are we to know that these original pleadings and proceedings are correctly copied into the bill of exceptions? The party drawing the bill copies these things into the bill of exceptions himself. The other side does not necessarily see the bill until after it is allowed and signed. The judge signing and allowing the bill does not have the custody of the records, and cannot conveniently know what they contain; and what is already in the record should not again go into the record by placing it in a bill of exceptions. Parties have no right to duplicate or triplicate the record by placing things already of record in the bill of exceptions, and thereby needlessly incumber the record, and increase the costs and expenses of the case. Besides, the judge does not have authority to certify to the correctness of copies of the record, or copies of any of the proceedings which are already of record. It is the duty of the judge only to see that the *original record* is made up properly, and that it speaks the truth; and the clerk then certifies to the correctness of copies thereof, or to copies or portions thereof. But the clerk does not, and has not in this case, certified to the correctness of the copies of the pleadings copied into this bill of exceptions. That is, while the clerk certifies that the

copy of the bill of exceptions brought to this court is a correct copy of the original bill of exceptions, yet he does not certify that the original pleadings or proceedings, or any of them, were correctly copied into the original bill of exceptions, and he does not certify that the copies of pleadings and proceedings found in-the copy of the bill of exceptions brought to this court are true copies of the original pleadings and proceedings.

We think it will be seen from the foregoing, that this court could not reverse a judgment upon a mere bill of exceptions. The judgment of the court below, we think, however, was right, and if any error did intervene, it was mere technical error.

Said judgment will therefore be affirmed.

All the Justices concurring.