## THE STATE OF KANSAS v. C. W. LUND.

1. CRIMINAL ACTION; *Appeal to Supreme Court.* Where the defendant in a criminal action takes an appeal from the judgment of a district court to the supreme court, he must file in the supreme court a transcript of the proceedings of the district court, certified to by the clerk of that court.

2. SUPREME COURT, *Cannot Reverse Judgment, When.* Where the defendant in a criminal action files in this court a record, certified by the clerk of the district court to be a copy of the bill of exceptions only, the supreme court cannot reverse the judgment of the district court or examine the alleged errors presented in the brief filed for the defendant, although the bill of exceptions purports to copy the information, orders and judgment of the district court. (*Whitney v. Harris*, 21 Kas. 96; *Lauer v. Livings*, 24 Kas. 273.)

3. TRANSCRIPT; *Incorrect Authentication.* A certificate of the district clerk that a record brought to the supreme court is a copy of the original bill of exceptions in the case as appears of record and on file in his office, is not a correct authentication of a transcript of the proceedings of a criminal action tried in the district court.

### *Appeal from Montgomery District Court.*

INFORMATION against *C. W. Lund*, for an unlawful sale of intoxicating liquor, on or about August 31, 1881. Trial at the December Term, 1881, of the district court, when the

defendant was found guilty and sentenced to pay a fine of $300 and the costs of prosecution, and to forfeit his permit under ch. 128, Laws of 1881. The defendant appeals.

*A. B. Clark,* for appellant.

*Ed. Van Gundy,* county attorney, and *Wm. Dunkin,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: Objection is made by the counsel representing the state to any consideration of the alleged errors charged in the brief filed for the appellant, upon the ground that no certified transcript has been filed in this court. This objection is well taken. What purports to be the record is certified as follows:

"STATE OF KANSAS, COUNTY OF MONTGOMERY, ss.—I, H. H. Dodd, clerk of the district court of the eleventh judicial district of the state of Kansas in and for said Montgomery county and state of Kansas, do hereby certify that the within and foregoing is a full, true, correct and complete copy of the original bill of exceptions in the case of The State of Kansas *v.* C. W. Lund, as appears of record and now on file in my office.

"In witness whereof, I have hereunto subscribed my name and affixed the seal of said court, this —— day of January, 1882.                                    H. H. DODD,
[SEAL.]                          *Clerk of District Court."*

This certificate of the clerk is merely that the record filed in this court is a copy of the bill of exceptions filed in the district court. (*Whitney v. Harris,* 21 Kas. 96.) If the clerk's certificate had stated in addition, that the record contained full, true and correct copies of the information, orders, judgment, etc., as the same appear, respectively, on file in his office, we might treat the record as correctly authenticated; and that while it was irregularly prepared, yet that the irregularity was not such as to avoid the force of the authentication. (*Lauer v. Livings,* 24 Kas. 273.) The bill of exceptions, as a fact, appears to contain the information, orders and judgment of the district court, but in the absence of a certificate

to that effect the challenge of the record cannot be overlooked. Section 282 of the criminal code provides:

"An appeal from a judgment in a criminal action may be taken in the manner and in the cases prescribed in this article."

Section 284 further provides:

"The appeal must be taken within two years after the judgment is rendered, and the transcript must be filed within thirty days after the appeal is taken."

And § 289 reads:

"An appeal shall stand for trial immediately after filing the transcript, if the supreme court is in session. If not in session, at the next term thereafter on proof of notice of appeal to the appellee."

As the certificate of the clerk is simply that the record is a copy of the bill of exceptions, and as there is no certificate that a full transcript of the case is before us, we cannot reverse upon the record the judgment of the trial court; and as we cannot tell how much of the record or how much of the proceedings is not brought to this court, from the certificate of the clerk, we cannot go into an examination of the alleged error. (*Lauer v. Livings,* supra; *Whitney v. Harris,* supra.) Where the defendant in a criminal action appeals to this court, he must file with the clerk of the court a transcript of the proceedings and record of the trial court, properly certified to by the clerk thereof.

We cannot accept and consider a paper purporting to be a transcript, unless it be duly authenticated by the clerk.

In an appeal from a question reserved in a criminal action, on the part of the state, it is not necessary for the clerk of the court below to certify in the transcript any part of the proceedings and record, except the bill of exceptions and the judgment of acquittal. (Cr. Code, § 288.) In case of an appeal by the defendant, however, the clerk of the court below must certify that the transcript contains the entire proceedings of record.

The judgment of the district court will be affirmed.

All the Justices concurring.