## THE STATE OF KANSAS v. BENJAMIN NICKERSON.

1. BILL OF EXCEPTIONS, *Treated as a Transcript.* A criminal case is brought to this court only in the manner prescribed by statute. The statute prescribes a transcript of the record: hence an original bill of exceptions is insufficient. But where the clerk, certifying to the original bill, certifies that it contains true and correct copies of the information, verdict, judgment, etc., as to such matters, it must be treated as a transcript, and all allegations of error predicated thereon are open to examination.

2. PROHIBITORY LAW; *Informations Under Sections 7 and 13.* The *gravamen* of the offense described in § 13 of the prohibitory law of 1881 is, that the party charged is the owner or keeper of a place in which intoxicating liquor is sold or kept for sale in violation of the statute; and this irrespective of who may be the owner or keeper of the liquor. Hence, an information to be good under such section must directly and positively charge the existence of such place, describing it, and that the

35— 30 KAS.

defendant is the owner or keeper thereof. A charge that in a certain building the defendant sold and kept for sale intoxicating liquor is not sufficient under such section. Such a charge is, however, sufficient under § 7.

3. CLUB; *Verdict Warranted by the Evidence.* Where it appears from the testimony that a club exists, which is the owner or keeper of a stock of liquor, and that one of the rules is that no liquor is to be sold except to a member of the club; that defendant is a member of such club, and that through his instrumentality liquor is sold to one not a member of the club: *Held,* That a verdict finding defendant guilty of a violation of the law cannot, in view of the provisions of § 17, be declared unwarranted by the evidence.

### *Appeal from Dickinson District Court.*

AT the May Term, 1883, *Nickerson* was convicted of a violation of the prohibitory law, and adjudged to pay a fine of $125, together with the costs of the prosecution, taxed at $419.40, and to be committed to the jail of Dickinson county until the fine and costs were paid. He appeals. The opinion states the case.

*Southworth & Moore,* and *L. B. Rogers,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

BREWER, J.: Defendant was convicted in the district court of Dickinson county of a violation of the prohibitory law, and from such conviction prosecutes his appeal to this court. A preliminary question is raised by the state. It insists that as no transcript of the record is filed here, there is nothing for us to examine, and act upon. The original bill of exceptions is filed, and upon that the errors are predicated. This is insufficient. A bill of exceptions has no place outside of the court in which it is prepared. Its function is to bring upon the record of that court those matters which are not of themselves a part of the record. When signed and filed, it is a part of the record, itself an original record. There is no authority for removing it and making it a part of the record

of another court. An appeal in a criminal case "may be taken in the manner" prescribed by statute. The manner prescribed is by filing a transcript, not the original record. The district court attempted to authorize the filing of this original record here; but such order is a nullity. It has no control over the files and records of this court; it may not destroy its own records; it can give an appeal only in the cases and manner prescribed by statute. The statute says a transcript, and a criminal case does not come to this court on an original bill of exceptions. (*The State v. Lund*, 28 Kas. 280; *Whitney v. Harris*, 21 id. 96; *Shumaker v. O'Brien*, 19 id. 476; *Jackson v. Stoner*, 17 id. 605.) Pleadings, orders and judgments should not be entered in a bill of exceptions; they are no proper part of it. The certificate of the judge does not authenticate copies of them. (19 Kas. 476.) So that although the information, verdict, judgment, etc., appear copied in this bill of exceptions, if the copies were authenticated by the signature of the judge alone, we should be compelled to disregard them and dismiss the appeal. But the clerk, besides certifying that this is the original bill of exceptions, certifies that it contains correct copies of the information, etc. Hence as to such matters it must be treated as a transcript, and of course all questions made upon the transcript are before us. (*Lauer v. Livings*, 24 Kas. 273.) The first question arises upon the information which, omitting the caption and verification, reads as follows:

"In the name and by the authority of the state of Kansas, I, G. W. Hurd, county attorney in and for said county, do now here give the court to understand and be informed that the above-named defendants, Maurice Robecker and Benjamin Nickerson, at divers days and times between the first day of June, 1881, and the time of filing this information, in a certain wooden building on lot No. 91, on Main street, known as 'Billiard Parlor,' in the city of Solomon, in said county of Dickinson and state of Kansas, then and there being, did then and there and still continue to unlawfully sell, barter and give away, and keep for sale, barter and use, spirituous, malt, vinous, fermented, and other intoxicating liquors, without taking out and having any permit or legal

authority therefor, to.the common nuisance of all the people of the state of Kansas, there lawfully being, and contrary to the statutes in such cases made and provided.

"G. W. HURD, *County Attorney.*"

Does this charge an offense under § 13 of the prohibitory law, or one under § 7, or none at all? It would seem that the pleader intended to prosecute under § 13, but we are constrained to hold that it fails to state an offense under that section. At least, it states one only impliedly and by indirection, which is not good in criminal pleading. The section declares that all places where liquor is sold, etc., are common nuisances, and the owner or keeper thereof shall upon conviction be adjudged guilty of maintaining, etc. In other words, the party must be the owner or keeper of the place in which the liquor is sold, and it is immaterial whether he owns or has control of the liquor itself. Now the charge is that he kept and sold liquor in the place, not that he owned or kept the place. Doubtless proof that he kept and sold liquor in the place would sustain a finding that he was the keeper of the place; but still that is only evidence, and not the fact to be⸾proved, and in criminal pleadings the ultimate fact and not the evidence of it must be charged. Directness and certainty must always be insisted upon in criminal matters. Thus and thus only can there be a certainty that a party complained of knows exactly what is charged against him and what he must be prepared to try. Thus and thus only can the protection which is due to every person charged with a criminal violation of law be secured.

There is a marked difference between this information and that in the case of *The State v. Camille Teissedre,* ante, pp. 210, 480, for there the information charged affirmatively and directly that the defendant was the keeper of the house or place in which liquors were kept for sale unlawfully. But while the information cannot be sustained under § 13, it is good under § 7. It charges the illegal sale of liquor; charges it directly, and without any reservations or implications. There is nothing in the verdict or judgment to indicate that anything was

claimed by the state other than a violation of § 7. If we look at the record alone, which is properly before us, we should be compelled to say that defendant was charged, convicted and sentenced under § 7 for the illegal sale of liquor. But suppose we go beyond the record properly before us, and examine the testimony; for while we must insist upon fair compliance with all legal rules, we should always seek to secure and enforce that which is absolute justice. From the testimony, it is evident that an association or club had been formed, which owned the liquor kept in the place designated; and that no liquor was sold there except to a member of the club, or upon his order. We do not mean to say that the full details of the organization and arrangement are disclosed, but enough is shown to make it appear that some such arrangement existed, and by his own admission, defendant belonged to the club; and it is also shown that through his instrumentality a sale was effected to one not a member of the club. Under those circumstances, § 17 of the prohibitory law comes into effect. That section reads: "The giving away of intoxicating liquor, or any shifts or device to evade the provisions of this act, shall be deemed an unlawful selling within the provisions of this act."

By this section it is evident that the legislature recognized a fact which is a matter of common knowledge, that human ingenuity is ever seeking some means to evade the prohibitions of the statute, and obtain a sale of liquors without transgressing the letter of the law; and intended to bring within the law and punish every disposition of liquor not expressly authorized and permitted. We do not mean to decide that the law is broad enough and complete enough to cover every conceivable case; but we do hold, that when it is shown simply that a club exists, and that liquor is sold only to its members, a jury is warranted in finding a party belonging to the club, and who is instrumental in effecting a sale to one not a member of the club, guilty of a violation of the statute. So that whether we look at so much of the record as is legally and technically before us, or at the facts as disclosed by the

testimony, which was preserved in the bill of exceptions, it cannot be adjudged that the defendant was not violating the statute, and therefore improperly convicted.

The conviction will therefore be affirmed.

All the Justices concurring.