THE STATE OF KANSAS v. ISAAC S. PRATER.

CRIMINAL CAUSE —*Appeal—Full Transcript.* Where an appeal is taken in a criminal cause to the supreme court from a judgment rendered against a defendant in a district court, the certificate to the transcript filed must show that the record is a true and complete transcript of all the proceedings had in the cause; otherwise, the decision of that court cannot be reviewed by the supreme court.

*Appeal from Barber District Court.*

PROSECUTION for a violation of the prohibitory liquor law. The opinion states the case.

*R. A. Cameron,* for appellant.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

HORTON, C. J.:   On October 4, 1887, an information was filed by the county attorney of Barber county, in the district court of that county, against Isaac S. Prater, charging him with having unlawfully sold in that county spirituous and intoxicating liquors to be used as a beverage, on the 11th day of September, 1887, contrary to the statute in such case made and provided.   On the 11th day of February, 1888, the case was called for hearing.   Prater appeared in person, and also by his attorney, R. A. Cameron.   With the consent of the county attorney, Prater plead guilty to keeping and maintaining a place in which intoxicating liquors were kept for the purpose of barter and sale as a beverage.   Thereupon the court rendered judgment against Prater that he pay a fine of one hundred dollars; also, the costs of the prosecution, and that he be committed to the jail of Barber county until the fine and costs were paid.   To the rendition of the judgment no exceptions were taken, nor was any objection made.   Subsequently, Prater filed a motion to set aside and vacate the judgment rendered against him.   The ground alleged for the vacation of the judgment was, that the plea of guilty was entered for an offense different from the one alleged in the information; and therefore that the defendant never plead guilty to any complaint, information, or other written charge pending against him.   This motion was overruled.   Prater excepted. He appeals to this court.

The certificate attached to the record does not purport to contain a "true and complete transcript" of the proceedings of the trial court.   It is unnecessarily prolix, but is not full,

complete, or sufficient. As there is no certificate to the transcript of "all the proceedings" of the trial court, we have nothing in this court to pass upon; at least, so far as the merits of the case are concerned. It may be, from aught that appears in the certificate, that a second information was filed, or that a judgment or journal entry different from that which appears in the record was entered; therefore the decision of the trial court cannot be reviewed or reversed upon the record. ( Crim. Code, §§ 282, 284; *Whitney v. Harris*, 21 Kas. 96; *The State v. Ricker*, just decided; *Lauer v. Livings*, 24 Kas. 273; *The State v. Lund*, 28 id. 280.)

In this condition of the record, the judgment must be affirmed.

All the Justices concurring.