THE STATE OF KANSAS v. HENRY FINK.

CRIMINAL CASE—*Appeal—Insufficient Certificate.* Unless the certificate attached to a record in a criminal case shows that such record contains a true and complete transcript of all the proceedings had in the case in the district court, the appeal will be dismissed.

*Appeal from Chase District Court.*

THE case is sufficiently stated in the opinion.

*W. S. Romigh*, county attorney, for appellant:

Section 18 of chapter 108, Laws of 1874, declares each person shall be liable each year to perform two days' work, and we do not find any section that specifies any particular time in which the work shall be done, as we understand the law. Section 16 of said act of 1874 limits the time in which road work shall be done in cities of more than 600 inhabitants, and which are incorporated and by law made a separate road district.

We contend that this section applies to cities and to cities alone, and has no reference to country road districts. One other limitation we may mention, and that is the limitation mentioned in § 20 of said act, as above set forth. That limitation is, that "Whenever it shall happen, in consequence of sickness or absence from home, or any other cause, that the two days' work aforesaid shall not be performed within the time specified in this act, the overseer shall be authorized to

37—49 KAS.

require the performance of such work at any time prior to the first day of October then next ensuing." As there is no time specified in which the work shall be performed, except as above referred to, we contend this part of the act only refers to those coming under the particular exception, sick, away from home, or some other like reason, who cannot, for such reason, perform the two days' work within the year, and who have extended to them the time prior to the first of October of the following year, in which the supervisor may call upon them to perform said work. Our contention is, that every person liable to perform the two days' road work must do so at the time he is notified by the supervisor or road overseer to perform such labor; that he is not permitted to choose his own time or convenience when he will work the roads. This view is further strengthened by the fact that the law only allows the road overseer pay for 15 days' road work in each year, and he must get the work done in that time, or he can recover no pay for further time in working the roads. Laws of 1874, ch. 108, § 33; Gen. Stat. of 1889, ¶ 5506.

With these views, we submit that the court erred in requiring the state to amend its complaint, and requiring the state to show therein that the defendant had until October 1st to perform said work, and he had refused to do so.

*Madden Bros.*, for appellee:

There is nothing in this case to review, because no full transcript is returned. *The State v. Lund*, 28 Kas. 280; *The State v. Cash*, 36 id. 623; *The State v. McFarland*, 38 id. 665; *The State v. Ricker*, 40 id. 14; *The State v. Prater*, 40 id. 15.

The complaint alleges that defendant was twice notified verbally, and once in writing, to appear and perform two days' labor. But when? Which notice put him in default? If in writing, it was not attached or described. If verbal, it was of no force, as such notice, by construction of the statute, should be in writing. Road Laws, § 19; *K. P. Rly. Co. v. Thacher*, 17 Kas. 92.

The opinion of. the court was delivered by

JOHNSTON, J.: Henry Fink was prosecuted for failing and refusing to perform two days' labor upon the public highways, after having been notified by the road overseer to perform the labor, as the statute requires. The state failed in the prosecution, and attempted to take an appeal to this court, complaining specially of the ruling of the district court in quashing the complaint. Upon filing the appeal in this court, the defendant challenged the validity of the transcript and appeal, because of a defective certificate attached to the same. It being held to be insufficient, the state asked and obtained leave to withdraw the record for the purpose of having an amended certificate made and attached, which has been done. The defendant renews his objections to the amended certificate and to the sufficiency of the appeal.

The certificate is insufficient, and the transcript cannot be reviewed. The clerk has failed to certify that the record contains a true and complete transcript of all the proceedings of the trial court. He does certify that the record contains true, full and complete copies of certain papers which are named, but the certificate contains nothing showing that it is a full transcript of the entire record of the case in the district court. Nothing short of this is sufficient, and, in the absence of a complete record, the judgment of the district court must stand. (*Whitney v. Harris,* 21 Kas. 96; *The State v. Lund,* 28 id. 280; *The State v. Nickerson,* 30 id. 545; *The State v. Cash,* 36 id. 623; *The State v. McFarland,* 38 id. 664; *The State v. Ricker,* 40 id. 14; *The State v. Prater,* 40 id. 15; *Neiswender v. James,* 41 id. 463.)

The appeal will be dismissed.

All the Justices concurring.