THE BRUSH ELECTRIC LIGHT AND POWER COMPANY v. CHRISTIAN GROSCH.

BILL OF EXCEPTIONS—*Time for Allowance.* It must affirmatively appear from the record that the bill of exceptions, which is incorporated in the transcript of the proceedings attached to the petition in error, was presented for allowance during the term at which the alleged errors were committed, or such document cannot be regarded as a part of the record of the trial court.

MEMORANDUM.—Error from Shawnee circuit court; J. B. JOHNSON, judge. Action by Christian Grosch against the Brush Electric Light and Power Company. Plaintiff had judgment, and defendant brings error. Affirmed. The facts sufficiently appear in the opinion herein, filed July 6, 1895.

*Rossington, Smith & Dallas,* and *Clifford Histed,* for plaintiff in error.

*Waters & Waters,* and *E. F. Hilton,* for defendant in error.

The opinion of the court was delivered by

CLARK, J. : Objection is made by the defendant in error to any consideration of the record attached to

the petition in error, for the alleged reason that it is not such a record as this court is authorized to examine upon a review of the proceedings of the trial court. The errors assigned are as to matters occurring upon the trial and not appearing upon the record of the trial court. The case is here upon the transcript of the record, and not on a case-made. As a part of the transcript, there appears a document which was prepared and filed in that court as a case-made. No bill of exceptions was taken, and no order made by the court or judge thereof that this case-made be considered as a bill of exceptions, and become a part of the record as such; and the question is presented as to whether or not the transcript of the record brings up matters contained in the case-made, now called a bill of exceptions.

The office of a bill of exceptions and a case-made is very dissimilar, and the manner of their proper preparation is entirely different. (*Shumaker v. O'Brien*, 19 Kas. 476.) The statute provides for the taking and preserving of exceptions, and that when allowed they become a part of the record. (Gen. Stat. of 1889, ¶ 4398.) They must be allowed and filed during the term at which the rulings complained of are made. (Gen. Stat. of 1889, ¶ 4395.) "A bill of exceptions has no place outside of the court in which it is prepared. . . . When signed and filed, it is a part of the record, itself an original record." (*The State v. Nickerson*, 30 Kas. 545.) A case-made is no part of the record of the district court. (*Transportation Co. v. Palmer*, 19 Kas. 471, 472.) It may be allowed within, or out of, term. When filed, it is at once withdrawn for the purpose of use in a higher court. It was not the intention of the court or judge that this case-made should be a part of the record of the court below.

The certificate of the judge recites that the document is allowed, settled, and signed as a case-made, and directs the clerk to "file and deliver the same to the defendant, and attest the same with his name and the seal of said court as the law directs." When a case-made has been withdrawn from the files by the party presenting it for allowance, again depositing it with the clerk of the district court, and having him file it and retain it, does not of itself transform it into a bill of exceptions, nor make it a part of the record. Nor can anything be made a part of the record by mere act of the parties which otherwise is not properly a part of the record. (*McArthur v. Mitchell*, 7 Kas. 173 ; *Kshinka v. Cawker*, 16 id. 63.) The record of the district court should show the allowance of a bill of exceptions, and that it was allowed in term, and, where the record shows that 60 days were allowed in which to make a case, it cannot be presumed, in the absence of the proper evidence thereof, that a bill of exceptions was taken. The record, considered as a case-made, being insufficient to preserve exceptions to the errors assigned, because of defects therein, cannot be supplemented by adding certified copies of the record of the district court. (*City of Fort Scott v. Deeds*, 36 Kas. 621.)

There is nothing in the record to show that this case-made, even if it could be considered a bill of exceptions, was allowed during the term. Attached to this transcript is a statement by the clerk of the district court of Shawnee county that the court adjourned for the term at a certain date, which was subsequent to the date of the second filing of the case-made with the clerk of that court. Such statement cannot, however, be taken as competent evidence of the fact that a bill of exceptions was allowed within the term

The fact must, in some way, appear from the record itself. (*Ferree v. Walker*, 54 Kas. 49.)

The court is of the opinion that the record here presented does not disclose the errors alleged to have been committed by the trial court. The judgment will be affirmed.

All the Judges concurring.