THE KANSAS CITY & FORT SCOTT CEMENT COMPANY
v. SIMON REESE, *as Sheriff of Bourbon County*.
No. 58.

1. RECORD — *Sufficient for Review*.   Where the only error complained of is that the conclusions of law are not sustained by the findings of fact made by the trial court, and the record fully presents that question, it is sufficient to challenge a review in that respect by this court.

2. FINDINGS, *Held Sufficient*.   The conclusions of law in this case examined, and upheld, under the findings of fact made by the trial court.

MEMORANDUM.—Error from Bourbon district court; S. H. ALLEN, judge.   Action in replevin by The Kansas City & Fort Scott Cement Company against Simon Reese, as sheriff of Bourbon county.   Judgment for defendant.   Plaintiff brings the case to this court. Affirmed.   The opinion herein, filed December 4, 1895, states the material facts.

*W. C. Perry*, for plaintiff in error.

*O. A. Cheney*, and *J. D. McCleverty*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : This was an action brought in the district court of Bourbon county by the plaintiff in error against the defendant in error, as sheriff of Bourbon county, to recover the possession of certain cement rock upon which said sheriff had levied an order of attachment in an action brought by one H. M. Mayberry against the Missouri, Kansas & Scott Cement Company.   The cause was tried to the court without a jury, and resulted in a judgment in favor of the defendant sheriff, and plaintiff in error brings the case here for review upon the one question that the con-

clusion of law arrived at by the trial court is erroneous from the findings of fact made by such court, and upon which said conclusion was founded.

A preliminary question is raised in this case by the defendant in error which challenges the sufficiency of record for the reason that it contains none of the evidence and only such part of the proceedings as is necessary to raise the question relied upon by counsel for plaintiff in error. We consider the record sufficient for the purpose of deciding the one question, and as being fairly within the rule laid down by the supreme court in *Shumaker v. O'Brien*, 19 Kan. 476, and *Transportation Co. v. Palmer*, 19 id. 471.

Under the findings of fact made by the trial court, it appears that, in January, 1888, the Kansas Cement Works Company was the owner of certain real estate upon which was located a plant for the manufacture of cement, and that it was also the owner of a certain quantity of cement rock which was in its possession and piled upon said land; that about that date it leased to one Pitkin the plant above referred to, and made an agreement concerning the use of said rock, by the terms of which agreement Pitkin was to have the privilege of using from the pile of rock belonging to the Kansas Cement Works Company, with the understanding that when the lease expired he might replace the same or any portion thereof, and if he did so replace the rock he was to receive credit for whatever amount was so replaced upon a certain memorandum note given by him at the time of the making of such agreement for an amount equal to the agreed value of the rock. In February, 1889, Pitkin, with certain other parties, organized a corporation known as the Missouri, Kansas & Scott Cement Company, and at that time a lease was executed to said corpora-

tion by the Kansas Cement Works Company, and the same agreement made with reference to the rock referred to as was formerly made with Pitkin, which agreement was wholly oral.   Under this agreement the corporation used all the rock which was originally piled upon the premises of the said Kansas Cement Works Company.   Some time in September, 1890, the Missouri, Kansas & Scott Cement Company failed, and the court found that at the date of such failure said corporation had on hand by purchase and from its quarries a large quantity of cement rock and had stored it in the same place in which the rock which it had used had been stored.   The court further found, that in December, 1890, H. M. Mayberry recovered a judgment against the said Missouri, Kansas & Scott Cement company for coal furnished to and used by it in its business, and the rock in question having been previously attached in said action, an order of sale was issued to the sheriff directing him to sell the said rock under the aforesaid attachment, which he proceeded to do, and thereupon the plaintiff in error brought its action in replevin against the sheriff to recover said rock.   The court further found, that in January, 1891, the Kansas Cement Works Company sold to the plaintiff in error all its real and personal property in Fort Scott, Kan., for a good and valuable consideration, the real property being conveyed by deed duly executed and the personal property by bill of sale which specifically described the rock.   This bill of sale was dated January 28, 1891, and at that date said rock was in the possession of the sheriff under and by virtue of the levy made by him as above set forth.   As a conclusion of law, the court found that the defendant in said cause was entitled to judgment and that the plaintiff had no right, title or interest in

the cement rock attached by the defendant, but that the Missouri, Kansas & Scott Cement company, at the date of said levy and of the sheriff's sale, was the owner of said cement rock.

Was this conclusion of law erroneous? This question must be answered in the negative. There is considerable circumlocution about the manner in which the plaintiff in error arrives at the conclusion that in some way it became the owner of the cement rock levied upon, and the frequent change and great similarity of names of the various corporations holding possession of the premises upon which the rock was located at first causes some confusion. However, the real facts, when disclosed, present a very simple proposition. The first arrangement with regard to the rock was made with Pitkin, who gave a note for the value of the same to the Kansas Cement Works Company. Afterward and with the consent of Pitkin the agreement was transferred to the Missouri, Kansas & Scott Cement Company, which took possession of and used all the rock, and this we think closes the question so far as the rock which was originally in the possession of the Kansas Cement Works Company is concerned. It received as consideration for the same the note of Pitkin, and until either Pitkin or the Missouri, Kansas & Scott Cement Company had exercised their privilege under their agreement of returning to the Kansas Cement Works Company or its assigns other rock which had been by them accepted in lieu of that transferred, the transaction could not in any manner affect the rock afterward procured by the Missouri, Kansas & Scott Cement Company, and the mere fact that such rock was piled in the same place upon the leased premises would not pass the title. The rock which the sheriff levied upon was procured by the Missouri,

Kansas & Scott Cement Company through purchase and from its quarries, and there had never been any attempt whatever to deliver the same to the Kansas Cement Works Company at the time the levy was made, nor any act done by which the title was passed or attempted to be passed to said company. There can be no doubt that the trial court arrived at the correct conclusion in this cause. Any other or different one would be opposed not only to all principles of fairness and right, but also to every sound principle of law.

The judgment of the district court is affirmed.

All the Judges concurring.