A. S. KING, *as Receiver of the First National Bank of Frankfort*, v. THE CITY OF FRANKFORT.

No. 79.

1. CITY WARRANT *for Building Sidewalk.* A city warrant issued in payment for a sidewalk built by the city in front of a lot of a private owner creates an absolute liability against the city, which is payable without regard to the making or collecting of an assessment against the lot improved.

2. ——— *Limitation of Action.* An action on such warrant is barred in five years after its maturity; and an acknowledgment which can have effect to remove the bar of the statute must recognize a subsisting liability on the warrant, and be made to the holder thereof or to his representative.

MEMORANDUM.—Error from Marshall district court; R. B. SPILMAN, judge. Action upon a city warrant by A. S. King, as receiver of the First National Bank of Frankfort, Kan., against the City of Frankfort. Judgment for defendant. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed February 14, 1896, states the facts.

*W. W. & W. F. Guthrie,* and *W. J. Gregg,* for plaintiff in error.

*James B. Van Vliet,* and *Giles E. Scoville,* for defendant in error.

The opinion of the court was delivered by

GARVER, J.: This was an action, commenced November 7, 1891, upon a warrant issued in favor of J.

S. Walker by the city of Frankfort, under date of January 1, 1883, for the sum of $94.60, payable January 1, 1884, with interest at the rate of 10 per cent. per annum. A demurrer to the petition was interposed by the defendant, and sustained by the trial court, on the ground that the petition showed upon its face that the action was barred by the statute of limitations. Did the court err in so ruling? This is the only question in this court.

The city warrant which is the basis of this action was issued in payment for work done by the payee, J. S. Walker, in the construction, in said city, of a sidewalk which was built in front of lot 20, block 67, pursuant to a city ordinance duly enacted for that purpose. It is conceded that the warrant was, when issued, a valid and binding obligation of the city; but the plaintiff in error contends that a cause of action did not accrue thereon against the city until a demand for payment had been made. We think it is well settled in this state that such warrant created an absolute liability against the city, upon which an action could be maintained after the time named for its payment, without regard to what the city may have done with reference to making or collecting an assessment upon the lot improved. (*City of Wyandotte v. Zeitz,* 21 Kan. 649; *City of Burrton v. Savings Bank,* 28 id. 390; *City of Atchison v. Leu,* 48 id. 138.)

We think it is also clear that an action on such warrant would ordinarily be barred in five years after its maturity. (*Walnut Township v. Jordan,* 38 Kan. 562.) To avoid the effect of the statute of limitations, the plaintiff claimed, and so alleged in his petition, that the city had made a written acknowledgment of its liability within five years next preceding the commencement of the action, and thus removed the

bar of the statute.   In support of this claim, there is attached to the petition, as a part thereof, a copy of a resolution passed by the city council of said city, in 1889, for the purpose of making an assessment upon said lot 20, to provide means to reimburse the city for the construction of said sidewalk.   The resolution, so far as pertinent to this case, recited :

"WHEREAS, The sidewalk tax levied on the 7th day of July, A. D. 1884, against lot 20, in block 67, in the city of Frankfort, Kan., for the building of a sidewalk along the said lot, as by ordinance 39 provided, has not been paid ; and whereas, there was, on the 1st day of January, A. D. 1883, due against such lot for the building of such sidewalk, as aforesaid, the sum of $94.60 ; and whereas, on such last-mentioned date, a voucher for such assessment was duly issued to J. S. Walker in payment for such walk by the said city of Frankfort, and bears interest at the rate of 10 per cent. per annum from date ; and whereas, there is now due upon such sidewalk-tax assessment the sum of $150 ; and whereas, J. J. Barber, city clerk for said city, neglected to report such assessment according to law : therefore, be it resolved, that an assessment is hereby levied against said lot 20, in block 67, to pay for said sidewalk,   . . . and the clerk is ordered to report the assessment to the county clerk."

We do not think this resolution is such an acknowledgment as the statute contemplates.   There are no words which can be construed to be an acknowledgment of an existing liability to the holder of this warrant.   Under the statute, the writing must not only be an express acknowledgment of a subsisting liability, (*Hanson v. Towle*, 19 Kan. 273 ; *Elder v. Dyer*, 26 id. 604,) but it must be an acknowledgment made to the creditor, or to some one representing him.  (*Sibert v. Wilder*, 16 Kan. 176 ; *Schmucker v. Sibert*, 18 id. 104 ; *Clawson v. McCune's, Adm'r*, 20 id. 337.)   This resolu-

tion was adopted without any apparent regard for the holder of the warrant; its sole object and purpose was to make an assessment on the lot in front of which the sidewalk had been built.   So far as the resolution itself indicates, the warrant may have been paid, and not have been at that time an outstanding obligation against the city.

The demurrer having been properly sustained, the judgment is affirmed.

All the Judges concurring.