THE CITY OF GARDEN CITY v. H. C. TRIGG.

No. 9242.

CITY OF SECOND CLASS — *may contract to pay for sidewalks from general fund.* A city of the second class entered into an agreement with a contractor for the building of sidewalks to be paid for out of the proceeds of an assessment to be levied on the abutting property benefited by the improvement, stipulating that if the fund so provided was not sufficient or available at a specified time payment should be made out of any unappropriated moneys in the city treasury. At the time mentioned the funds derived from the assessment were insufficient to meet the warrants issued to the contractor for the improvement. *Held,* that the contract was valid, and that the city became absolutely liable on the warrants remaining unpaid after the time stated.

*Error from Finney District Court.*
*Hon. A. J. Abbott, Judge.*

AFFIRMED.                    OPINION FILED JANUARY 8, 1897.

*Dodd Cartwright,* City Attorney, for plaintiff in error; *A. J. Hoskinson,* of counsel.

*H. F. Mason,* for defendant in error.

JOHNSTON, J.   H. C. Trigg brought this action against the city of Garden City to recover $2,084.27, with interest at 7 per cent. from the 15th day of July, 1889, on warrants issued by the City in favor of Jacob Holloway for the construction of certain sidewalks. The warrants provided that the amount of each should be paid out of a specific sidewalk fund arising from an assessment on particular lots, and that if not paid thus by July 15, 1889, it should be paid out of any funds not otherwise appropriated. It appears that in May, 1887, petitions were presented to the City Council asking that sidewalks be constructed upon a number of the streets. The petitions were granted, and a resolution was passed and published that the sidewalks were

deemed to be necessary. On June 25, 1887, an ordinance was enacted providing for the construction of the sidewalks, and the committee on streets was authorized to contract for the building of the same in the name of the City " on such terms as may seem best." It also provided for levying an assessment against the abutting property according to the front foot thereof, to be collected as other taxes, giving to the lot owners the privilege of building the walks at their own cost at any time prior to August 1, 1887. On October 22, 1887, the City entered into a contract with Holloway to build the walks in accordance with certain specifications, and that when the work or any part thereof had been completed and duly approved, warrants should be issued by the city for the amount necessary to pay for such sidewalks, payable out of the fund produced by the special assessment; but it further provided that if any of said warrants were not paid by July 15, 1889, they should become payable out of any funds in the city treasury. The sidewalks were built in accordance with the contract, warrants were issued, and a portion of the same were paid from the special fund arising from the assessments. On July 15, 1889, the warrants in question remained unpaid by reason of the failure of the owners of some of the property to pay the amounts assessed against it. On that day the warrants were presented and payment demanded. There was then in the city treasury no money belonging to the special fund, but there was in the general fund money sufficient to pay a part of said warrants; but the Treasurer, on the instruction of the City Council, refused to pay the same. The trial court ruled that the City was liable upon the warrants, and gave judgment for the amount of the same.

The contention that the City had no power to make

the contract that was made cannot be sustained. Garden City is a city of the second class. The statute specifically empowers such cities to build sidewalks; and they are authorized to make all contracts necessary to the exercise of the corporate powers conferred. ¶ ¶ 759, 788, Gen. Stat. 1889. While the statute provides for assessing the cost of the improvement against the property benefited, the city is not limited to that method of making payment. It has been determined that this provision requiring an assessment to be made for the improvements relates to the ultimate liability therefor, and is for the purpose of raising a fund to reimburse the city for the amount paid for such improvements. *City of Wyandotte v. Zeitz*, 21 Kan. 649 ; *City of Atchison v. Leu*, 48 id. 138 ; *King v. City of Frankfort*, 2 Kan. App. 530. The same authorities hold that it is competent for the city to contract for the building of a sidewalk, payment to be made when the work is completed, and to give a suitable acknowledgment of the indebtedness. It is true the City might have made a contract to build the sidewalks stipulating that payment should be made solely from the proceeds of the special assessment, but perhaps the delay and uncertainty of that course made it impossible to make an advantageous contract for the work. The course adopted was a combination of the two methods. The contractor was to build the sidewalks and take his pay from the proceeds of a special assessment,. provided the taxes were paid within the prescribed time. The sidewalks appear to have been completed in the early part of 1888. The earliest annual tax to which the special assessment could be added was that of 1888. The first half of the tax would therefore be due on December 20, 1888, and the second half on June 20,

1889. Moneys collected by taxation for the City must be turned over to the city treasurer on July 15, and obviously the contract was made with reference to these dates, as the warrants were made payable absolutely on July 15, 1889. Such improvements being in great part for the benefit of the general public and the use and convenience of the whole city, it is primarily liable for them ; and no reason is seen why the city may not enter into such a contract as was made in this case. The statute contained no restrictions as to the manner of payment, and the ordinance authorized the committee to contract for the building of the sidewalks in the name of the City on such terms as might seem best. The contract is not unreasonable in its terms, nor does it appear to be in conflict with either the statute or the ordinance.

The District Court ruled correctly in holding the City liable upon the unpaid warrants, and its judgment will therefore be affirmed.

All the Justices concurring.