THE BUFFALO SCHOOL FURNITURE COMPANY v. SCHOOL DISTRICTS NOS. 4, 30 AND 40 OF GRAY COUNTY.

No. 228.

1. SCHOOL DISTRICTS—*Powers of Officers—Purchase of Supplies.* Where the officers of a school district purchase school furniture and goods and issue a warrant in payment therefor, the owner of the warrant is not required to allege that the furniture and goods were such as the board was authorized to purchase. If the board were not authorized to purchase the articles, this would be a good defense against the warrant, but the burden of alleging and proving the fact is upon the defendant.

2. ————  ———— *Issuance of Warrants—Time of Payment.* A municipal corporation has the power, in the absence of statutory inhibition, to issue any ordinary evidence of indebtedness payable either instantly or at any time in the future, and to provide that such evidence of indebtedness shall bear interest.

3. ———— *Warrants—Statute of Limitations.* An action upon a municipal warrant is ordinarily barred in five years after its maturity.

Error from Gray district court; A. J. ABBOTT, judge. Opinion filed August 19, 1898. Reversed.

*Harry Brice*, and *Milton Brown*, for plaintiff in error.

*J. M. Kirkpatrick*, and *J. B. Naylor*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in the district court of Gray county by the plaintiff in

error upon a petition of which, as amended, the following is a copy :

"Comes now the above-named plaintiff and shows to the court, as and for its cause of action herein (which is the same as set forth in its original petition filed in this court on August 15, 1894), that it is now, and has been at all the times hereinafter mentioned, a corporation organized and existing under and by virtue of the laws of the state of West Virginia ; that on the 9th day of August, 1887, and for a long time prior thereto, there was a municipal corporation duly organized and existing under the laws of the state of Kansas known as school district No. 29 of Gray county, Kansas, and that on the 20th day of August, 1887, said last-named municipal corporation was duly officered, and that H. B. Henderson was the director, J. K. Sayer was the clerk and Benton Heath was the treasurer thereof ; that on the 20th day of August, 1887, the said school district No. 29, by its board, composed of the officers above named, purchased of the National School Furniture Company school furniture and school goods to the value of $300, and said company having presented its bill and voucher therefor, exhibiting the indebtedness to said district, said district board, in the manner provided by law, they then and there being in session, did allow said bill and did issue the order of said school district No. 29 and of said board aforesaid for said sum of $300, payable out of any funds in the possession of the treasurer of said school district raised or appropriated for school purposes, and the same was signed by the director and clerk thereof and directed to the treasurer of said school district No. 29. That at all the times hereinbefore mentioned the National School Furniture Company was a corporation duly organized and existing under the laws of the state of West Virginia, and that said last-named corporation, for value received, prior to the beginning of this suit, sold, assigned and indorsed said order to this plaintiff, by Thomas B. Severy, the treasurer thereof, said treasurer being duly authorized to do so ;

that said school district No. 29 aforesaid ordered said school furniture and said school goods, and appropriated the same to its uses ; that thereafter, and on or about February 1, 1888, the territory composing said school district No. 29 was divided into and formed school districts Nos. 4, 30 and 40 of the present school districts of said county and state, and that the territory and inhabitants of said last-named school districts were and are identical with those of school district No. 29 at the time of the purchase of said school furniture and school goods ; that said order was not paid, either in whole or in part, by said former school district No. 29, and that it made no provision for the payment thereof, except that said school districts Nos. 4, 30 and 40 received the property of said former school district No. 29 ; that said order which is now held and owned by said plaintiff has been presented for payment to the treasurers of said districts Nos. 4, 30 and 40 and that payment has been refused, and that neither of said school districts 4, 30 and 40 has ever made any levy, special or otherwise, for the purpose of raising funds to pay the indebtedness due as aforesaid for school furniture and school goods or any part thereof, notwithstanding it was their legal duty to do so not later than March 1, 1890, and particularly on said named date it was their duty to pay said $300, but wherein they have wholly failed ; that prior to bringing this suit, and since March 1, 1890, plaintiff by its attorney has demanded payment, but defendants refused to pay or make a levy for any part thereof, and a reasonable time has elapsed in which defendants could have raised said money, prior to the bringing of this action, but they have at all times refused to do their duty aforesaid.

"Plaintiff avers that said school districts Nos. 4, 30 and 40 are the legal successors of said former school district No. 29 of said county and state, and as such, and in virtue of the facts hereinbefore stated, are liable to this plaintiff for the amount of said order and legal interest thereon for said school furniture and school goods.

"Plaintiff further says, that the present school district No. 29 of said county and state is not the same district, territory or population as comprised the district No. 29 which was in existence upon the 1st day of February, 1886.

"A true and correct copy of said order, together with all the indorsements thereon, is attached herein and made a part hereof, as exhibit 'A.'

"Wherefore plaintiff prays for judgment against said defendants, and that the officers of the various boards of school districts Nos. 4, 30 and 40 be compelled to make a levy to pay said indebtedness and interest, and for the costs of this action."

EXHIBIT A.

"$300.00.    LONE LAKE P. O., August 20, 1887.

"The treasurer of school district No. 29, in Gray county :

"Pay to the National School Furniture Company, or order, the sum of three hundred dollars, with interest at the rate of seven per cent. per annum, out of any funds in your possession raised or appropriated for school purposes.   Payable at Cimarron, on or before March 1, 1890.          J. K. SAYER, *Clerk.*

"Countersigned : H. B. HENDERSON, *Director.*
"No. ——.
"BENTON HEATH, Treasurer, Cimarron, Kan."

Indorsement: "The National School Furniture Company.   THOMAS B. SEVERY, Tr."

The defendants filed separate demurrers, upon the following grounds : (1) That the plaintiff has no legal capacity to sue ; (2) that there is a defect of parties defendant ; (3) that said amended petition fails to state facts sufficient to constitute a cause of action against this defendant.

The demurrers were sustained, and judgment for costs was rendered against the plaintiff, which brings the case here for review.   Only the third ground of the demurrer will be considered.   The defendants have

not called our attention to any reason shown by the petition why the plaintiff has not the legal capacity to sue, neither do they point out the defect of parties. It might be that the petition shows a misjoinder of parties but not a defect of parties. The defendants in error contend that the petition fails to state a cause of action against them for the following reasons : (1) The warrant is void for the want of authority by the officers to issue any warrant; (2) the additions to the warrant of the words "with interest at the rate of seven per cent. per annum" and "payable at Cimarron on or before March 1, 1890" are surplusage and no part thereof, and that therefore the warrant is barred by the statute of limitations; (3) the allegation that school furniture and school goods were purchased does not state that the articles purchased were such as the school board were authorized to purchase.

Answering the first contention, it is only necessary to say that the amended petition alleges that the school district No. 29 of Gray county, Kansas, is a municipal corporation duly organized under the laws of the state of Kansas, and at the time of the issuance of the warrant was duly officered by the persons who issued the warrant. In passing upon a demurrer to a petition all its allegations must be taken as true. The officers had ample authority to issue the warrant unless the articles purchased were such as they were not authorized to purchase. This would be a matter of defense. This answers the third contention.

The statements in the warrant are not surplusage.

"A municipal corporation has the power, in the absence of statutory inhibition, to issue any ordinary evidence of indebtedness, payable either instantly or at any time in the future." (*City of Burrton v. Harvey County Savings Bank*, 28 Kan. 280 ; Dillon on Municipal Corporations, § 407 [§ 488, 4th ed.], *note*, and cases cited therein.)

A city warrant payable one year after its issue, drawing ten per cent. interest per annum, was held valid by the northern department of this court in the case of *King v. City of Frankfort*, 2 Kan. App. 530, and it also held in that case that a cause of action accrued upon the warrant immediately after the time fixed for its payment, citing *City of Atchison v. Leu*, 48 Kan. 138, *City of Wyandotte v. Zeits*, 21 id. 649, and *City of Burrton v. Harvey County Savings Bank*, 28 id. 390. And it also held that an action on such a warrant would ordinarily be barred in five years after its maturity, citing *Walnut Township v. Jordon*, 38 Kan. 562.

The petition in this case states a cause of action against the defendants in error and the court erred in sustaining a demurrer thereto.

The judgment of the district court is reversed and the cause remanded for a new trial.

SCHOONOVER, J., concurring.

MILTON, J., not sitting.